1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WASHINGTON,                        No.  2:17-cv-1129 KJN P

12                   Plaintiff,

13         v.                                    ORDER

14   J. CLARK KELSO, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  On May 30, 2017, defendant Kelso

18   removed this action from state court, and paid the filing fee.  Plaintiff seeks relief pursuant to 42

19   U.S.C. § 1983.  On May 31, 2017, defendant Kelso filed a motion to dismiss.  However, on July

20   21, 2017, plaintiff filed an amended complaint, naming only Deputy Director J. Lewis as a

21   defendant.  Fed. R. Civ. P. 15.  The filing of the amended complaint moots the motion to dismiss,

22   and because plaintiff did not include Kelso as a defendant in the amended complaint, defendant

23   Kelso is no longer a party to this action.  Thus, defendant Kelso is dismissed from this action.

24          This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

25   Rule 302.  Plaintiff's amended complaint is now before the court.

26          The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

                                                1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff claims his right of privacy under the First, Fourth, Fifth, and Ninth Amendments was violated. (ECF No. 9 at 3, 4.) Plaintiff names Deputy Director J. Lewis as the sole defendant.

Privacy rights in medical records are neither fundamental nor absolute. Whalen v. Roe, 429 U.S. 589, 603-04 (1977), see also Seaton v. Mayberg, 610 F.3d 530, 537 (9th Cir. 2010) (clarifying that the Supreme Court has not established a constitutional right to privacy in medical records). The Ninth Circuit has held that the constitutional right to informational privacy extends to medical information, though this right is not absolute and can be infringed on when there is a "proper government interest." Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) (internal quotation marks omitted) (quoting Whalen, 429 U.S. at 599); Planned Parenthood

of S. Ariz. v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002); see also Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.")  "[T]o determine whether the governmental interest in obtaining information outweighs the individual's privacy interest [the court considers]:  (1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." Tucson Woman's Clinic, 379 F.3d at 551.

Here, plaintiff fails to include specific charging allegations as to defendant Lewis.  In other words, plaintiff fails to demonstrate how defendant Lewis violated plaintiff's privacy rights. Because plaintiff fails to include charging allegations as to defendant Lewis, the amended complaint must be dismissed.  However, the court grants plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff need not re-submit exhibits previously filed with the court. Any party may refer back to exhibits previously provided.

Finally, if plaintiff is indigent, he may wish to seek leave to proceed in forma pauperis status in the event he will ask that the U.S. Marshal order service of process on defendant Lewis. The Clerk is directed to send plaintiff the application to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Kelso's motion to dismiss (ECF No. 4) is dismissed as moot;

2. Defendant Kelso is dismissed from this action;

3. Plaintiff's amended complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and one copy of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner, and an application to proceed in forma pauperis by a prisoner.

Dated: August 25, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wash1129.14amd

4